UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WILLIAM DIGIANNI,

                Plaintiff,

-v-

ELIOT SPITZER, NEW YORK ATTORNEY
GENERAL; NEW YORK STATE; and NEW YORK
STATE DEPARTMENT OF EDUCATION,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
05-CV-5408 (SLT)

TOWNES, United States District Judge.

Plaintiff brings this *pro se* action alleging defendants violated Title I, II, III, of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973. Plaintiff has paid the filing fee to bring this action. The ADA claim under Title I is dismissed as set forth below.

Background

Plaintiff alleges that New York State, through the New York State Department of Education, discriminated against him on the basis of his learning disability when it failed to provide the accommodations that he requested in order to take the New York State teacher certification examination.[1] Complaint at 1-2. Specifically, plaintiff alleges that had his requested

---

[1] Plaintiff's instant complaint is essentially the same as that of a prior complaint he filed with this Court against National Evaluation Systems, Inc., an educational services company that develops and administers testing programs, primarily for state education agencies. That action is presently pending. See DiGianni v. National Evaluation Systems, Inc., 05-CV-4983 (SLT).

1

accommodation been met he "would have qualified...as a certified teacher and/or teaching assistant, and would have enabled him to have been fully matriculated into Brooklyn College (CUNY) Graduate School of Education in the State of New York...". Complaint at 2, 1 (d). Plaintiff seeks monetary damages and injunctive relief.

## Discussion

### The ADA and Rehabilitation Act

The Americans With Disabilities Act ("ADA") prohibits discrimination against individuals on the basis of disabilities. 42 U.S.C. §§ 12101-213. Title I of the Act prohibits discrimination in employment. Id. § 12112 ("No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."). Title II of the Act prohibits discrimination against the disabled regarding access to public services. Id. § 12132 ("No qualified individual with a disability shall ... be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Title III of the ADA prohibits discrimination against the disabled in public accommodations. Id. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns ... or operates a place of public accommodation.").

Similarly, section 504 of the Rehabilitation Act provides, "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794(a).

To prove a violation of the ADA, plaintiff must demonstrate: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003); K.M. v. Hyde Park Cent. Sch. Dist., 381 F.Supp.2d 343, 357-58 (S.D.N.Y. 2005). The standards for claims under the ADA and under Section 504 of the Rehabilitation Act are essentially the same except that under the Rehabilitation Act, plaintiff must show that defendants receive federal funding. See Hargrave, 340 F.3d at 35; Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004) ("Since the standards adopted by Titles II and III of the ADA are, in most cases, the same as those required under the Rehabilitation Act, ... we consider the merits of these claims together."); Henrietta D. v. Bloomberg, 331 F.3d 261, 273 (2d Cir. 2003) ("[U]nless one of those subtle distinctions [between the Rehabilitation Act and the ADA] is pertinent to a particular case, we treat claims under the two statutes identically.").

The Eleventh Amendment

In general, the Eleventh Amendment provides that one may not bring an action against a State or its agencies for monetary damages. In Board of Trustees. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001), the Supreme Court held that an action against a State seeking money damages under Title I of the ADA was barred by the Eleventh Amendment. Id.; see also Blumberg v. Nassau Health Care Corp., 378 F.Supp.2d 122, 125 (E.D.N.Y. 2005). Therefore, plaintiff's Title I claim is dismissed as barred under the Eleventh Amendment. See Neitzke v.

3

Williams, 490 U.S. 319 (1989); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); see also Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (" a complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit"). The Supreme Court in Garrett did not address the issue of whether a State was immune under Title II or Title III of the ADA. Id. at 360. However, the Second Circuit has stated that "a private suit for money damages under Title II of the ADA may ... be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability." Garcia v. SUNY Health Sciences Center of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001); see also Henrietta D., 331 F.3d at 288.

Attorney General Eliot Spitzer

Attorney General Spitzer is named only in the caption of the complaint. The plaintiff has not alleged that Spitzer participated directly or in any other way in the alleged federal violations. Plaintiff has not claimed that Spitzer was ever informed of the purported violations and failed to act or even that he created a policy or custom that led to alleged violations of plaintiff's constitutional rights. Finally, plaintiff has not shown that Spitzer in any way supervised those who allegedly violated his constitutional rights. Plaintiff is advised that if he fails to amend the complaint to allege the personal involvement of Spitzer in any of the conduct alleged to have violated his constitutional rights, plaintiff's claims against Spitzer will be subject to dismissal. See Neitzke, 490 U.S. at 323 n. 2 (a governmental official may not be held liable for the actions and decisions of others unless plaintiff alleges personal involvement by that official); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (a claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to dismissal).

## Conclusion

Accordingly, the complaint is dismissed as to the ADA Title I claim as barred under the Eleventh Amendment. Defendants' request for additional time to answer or otherwise respond to the complaint until February 2, 2006, is hereby granted. The remainder of plaintiff's claims are allowed to proceed.

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 21, 2005